**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIE M. NELSON, | No. 22-35273 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05263-MAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted February 8, 2023**
Portland, Oregon

Before: MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

Julie Nelson appeals from the district court's order affirming the

Commissioner of Social Security's denial of Nelson's application for Social

Security disability insurance benefits under Title II of the Social Security Act. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Nelson's argument that the 2017 revised medical evidence regulations[1] are partially invalid is foreclosed by *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) (holding that the revised regulations displaced our "longstanding caselaw" that required heightened deference to a treating physician's opinion).

2. Substantial evidence supports the ALJ's finding that the opinion of Nelson's treating physician was unsupported and inconsistent with the medical record. *See Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971))).

The treating physician's 2017 letter only generally states his view that Nelson "is unable to resume any type of gainful employment due to physical impairment" and his belief that Nelson's medical issues have been "lifelong." The treating physician did not specifically state an opinion that Nelson was unable to work during the relevant time period. Even assuming that opinion is implied, there are no medical records from the relevant time period that support it, and it is

---

[1] *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404, 416).

inconsistent with the uncontested fact that Nelson was able to work until 2004.

3.      Substantial evidence supports the ALJ's conclusion that the opinion of a retained medical expert was unsupported and inconsistent with the medical record. The expert did not explain why he believed that Nelson had a diminished residual functional capacity during the relevant period. Additionally, the expert acknowledged that there were "no records whatsoever" during that time.

4.      Substantial evidence supports the ALJ's determination at step two that Nelson did not suffer from a severe impairment during the relevant period. At step two, an impairment must be established by "objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. The ALJ appropriately concluded that the medical opinions discussed above were unsupported and inconsistent with the medical record. Because there is no other objective medical evidence that addresses the relevant time period, the ALJ's conclusion at step two was supported by substantial evidence.

5.      To the extent that the ALJ failed to consider Nelson's own testimony or other lay testimony, that error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115–21 (9th Cir. 2012), *superseded by regulation on other grounds* (holding that the ALJ's failure to address lay testimony may be deemed harmless where it is inconsequential to the ultimate nondisability determination). The lay testimony alone, without objective medical evidence, could not establish a severe

impairment at step two. *See* 20 C.F.R. § 404.1521.

**AFFIRMED.**